O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#8**
**Feb. 6th hrg vacated**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9183 PSG (PLAx) | Date | February 2, 2012 |
|---|---|---|---|
| Title | Heejin Lim, *et al.* v. Helio, LLC, *et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order DENYING motion to remand

Before the Court is Plaintiff Heejin Lim's ("Plaintiff") motion to remand. The Court finds the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15. After considering the moving papers filed in support of and in opposition to the motion, the Court DENIES the motion.

I.   Background

On September 28, 2011, Plaintiff filed this action in state court against Defendants Helio, LLC, Virgin Mobile USA, L.P., Virgin Mobile USA, Inc., and Helio, Inc. (collectively, "Defendants"), asserting individual and class claims on behalf of "[a]ll residents of the United States who paid refundable deposits to Helio/Virgin Mobile who did not receive a refund of those deposits." *See* Dkt. #1; *Compl.* ¶ 13.[1] "[S]everal thousand customers nationwide" are alleged to comprise the class. *See Compl.* ¶ 14. An amount in controversy is not pleaded. *See id.*

---

[1] Plaintiff filed a First Amended Complaint on January 27, 2012. *See* Dkt. # 32. However, as the propriety of removal is determined by the existence of subject matter jurisdiction "at the time of removal," s*ee, e.g., Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998) ("jurisdiction must be analyzed on the basis of the pleadings filed at the time of removal without reference to subsequent amendments"), all analysis in this Order is made pursuant to the original Complaint.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#8
Feb. 6th hrg vacated**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9183 PSG (PLAx) | Date | February 2, 2012 |
|---|---|---|---|
| Title | Heejin Lim, *et al.* v. Helio, LLC, *et al.* | | |

On November 4, 2011, Defendants removed this action to federal court under the Class Action Fairness Act ("CAFA"), codified in relevant part at 28 U.S.C. § 1332(d). *See Not. of Removal*, Dkt. # 1. In support of the Notice of Removal, Defendants attached the declaration of Stephen F. Bunker declaring that "more than $5,000,000 in deposits [were collected] in connection with the Helio prepaid wireless service" during the class period. *See Bunker Decl.* ¶ 6, Dkt. # 1. Plaintiff challenges federal jurisdiction under CAFA, arguing that because the Complaint challenges only those "deposits that were wrongfully withheld...[and] not the total amount that was collected when [] accounts were opened," evidence that Defendants collected deposits in excess of $5,000,000 alone is insufficient to satisfy the jurisdictional threshold. *See Mot.* 4:7-10.

II.     Legal Standard

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). Under 28 U.S.C. § 1441, a defendant may remove a civil action from state court to federal district court only if the federal court has subject matter jurisdiction over the case. *See Abrego Abrego v. Dow Chem. Co.*, 443 F. 3d 676, 679-80 (9th Cir. 2006). Section 1332(d) provides that "[t]he district courts shall have original jurisdiction of any civil action in which the amount in controversy exceeds [] $5,000,000," the citizenship of the defendant and at least one member of the plaintiff class are diverse, and the aggregate number of proposed plaintiffs is 100 or greater. *See* 28 U.S.C. § 1332(d); *Lowdermilk v. U.S. Bank National Ass'n*, 479 F.3d 994, 997 (9th Cir. 2007). CAFA did not alter the fundamental principle laid down in diversity cases that the proponent of federal jurisdiction bears the burden of showing the statutory jurisdictional requirements are met. *See Abrego Abrego v. Dow Chemical Co.*, 443 F.3d 676, 685 (9th Cir. 2006).

A court "cannot base [its] jurisdiction on a [d]efendant's speculation and conjecture." *Lowdermilk*, 479 F.3d at 1002. Rather, a defendant must set forth the underlying facts supporting its assertion that the amount in controversy exceeds the statutory minimum. *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir.1992). In addition to the contents of the removal petition and the allegations in the complaint, the court considers "summary-judgment-type evidence relevant to the amount in controversy at the time of removal," such as affidavits or declarations. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (internal quotations omitted); *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 374 (9th Cir. 1997) ("defense counsel submitted declarations to show that the amount in controversy exceeded" the jurisdictional amount).

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#8**
**Feb. 6th hrg vacated**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9183 PSG (PLAx) | Date | February 2, 2012 |
|---|---|---|---|
| Title | Heejin Lim, *et al.* v. Helio, LLC, *et al.* | | |

III.   Discussion

Where, as here, "the complaint does not contain any specific amount of damages sought, the party seeking removal under diversity bears the burden of showing, by a preponderance of the evidence, that the amount in controversy exceeds the statutory amount." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 397 (9th Cir. 2010) (citing *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). Under the preponderance of the evidence standard, a defendant must show that it is "more likely than not" that the jurisdictional threshold is met. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996) (citation omitted). "This burden is not daunting, as courts recognize that under this standard, a removing defendant is *not* obligated to research, state, and prove the plaintiffs' claims for damages." *Ray v. Wells Fargo Bank, N.A.*, CV 11-1477 AHM (JCx), 2011 WL 1790123, at *5 (C.D. Cal. May 9, 2011) (quoting *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008)).

In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2001). "The ultimate inquiry is, therefore, what amount is put 'in controversy' by the plaintiff's complaint or other papers, not what the defendant will actually owe for the actual number of violations that occurred, if any." *Ray*, 2011 WL 1790123, at *5 (quoting *Korn*, 536 F. Supp. 2d at 1204-05).

The Ninth Circuit's decision in *Lewis* is controlling. In *Lewis*, the plaintiff sought recovery on behalf of a putative class composed of defendant's customers who had been billed for certain premium services they had not ordered. *See*  To support removal, the defendant submitted an affidavit that its total billings for the premium services exceeded $5 million. *See id.* As here, Plaintiff moved to remand on the grounds that "because the complaint challenged only 'unauthorized' charges, there was a distinction between 'unauthorized' and 'authorized' charges for the purposes of determining the amount in controversy." *See id.* at 398. Plaintiff argued that this rendered the defendant's evidence regarding the total premium service charges insufficient to demonstrate the amount in controversy, since it described the sum of all premium services billed, not just the "unauthorized" ones challenged in the complaint. *See id.* On appeal, the Ninth Circuit disagreed, noting that there was "no evidence to support the premise that some portion of the charges alleged in the complaint *were* authorized." *See id.* (emphasis added). "[G]iven the Plaintiff's refusal to limit the damages sought and [the defendant's] showing that the total billings exceed $5 million, the total billings constitute[d] the 'amount in controversy.'"

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#8**
**Feb. 6th hrg vacated**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9183 PSG (PLAx) | Date | February 2, 2012 |
|---|---|---|---|
| Title | Heejin Lim, *et al.* v. Helio, LLC, *et al.* | | |

*Id.*

Plaintiff raises a nearly identical argument in this case - namely, that because this case "is obviously about deposits that were wrongfully withheld after the closure of all of the cellular service accounts in question, not the total amount that was collected when those accounts were opened," *see Mot.* 4:7-10, Defendants' showing that the deposits themselves exceed $5,000,000 does not establish, by a preponderance of the evidence, that the jurisdictional threshold is met. The Court does, however, note one potential factual discrepancy. Here, Defendants are alleged to have applied a portion of the security deposit to a customer's outstanding balance, meaning that, to the extent Plaintiff does not challenge the propriety of this unilateral application, only a portion of the total deposits are alleged to have been "wrongfully withheld." *See Compl.* ¶ 6; *McLachlan Mot. Decl.* ¶ 5, Ex. 2. Therefore, unlike *Lewis*, this could be construed as "evidence to support the premise that some portion of the" at least $5 million is not at issue.

Nonetheless, the Court finds that this alone does not defeat Defendants' showing under *Lewis*. For one, the allegations in the complaint do not "obviously" show that this case is about only the wrongfully withheld deposits. While Plaintiff contends that the "Complaint is clear that Plaintiff is not disputing the amount of her deposit that was applied to her final bill," *see Reply* 4:16-18 (citing *Compl.* ¶ 12), the Complaint in fact alleges that "Defendants' forfeiture of [the] deposit and application thereof to any amount the customer may owe at the time of service termination is [an] unlawful, unfair and fraudulent" business act within the meaning of Cal. Bus. & Prof. Code § 17200, and also seeks damages in the full amount of the $250.00 deposit in connection with Plaintiff's conversion claim, notwithstanding that $82.14 of her deposit was allegedly applied to her final bill. *See Compl.* ¶¶ 38, 12. Because Plaintiff was required to place a security deposit, *see Compl.* ¶ 10, and seeks "[r]estitution of *all* advanced deposits paid by Plaintiff and the Class because of Defendants' unlawful, unfair, and/or fraudulent business practices," *see id.* 10:6-7 (emphasis added), the Court cannot agree with Plaintiff that the evidence submitted "is meaningless for establishing the amount in controversy." *See Mot.* 4:2-3. For another, "[t]o establish the jurisdictional amount, [Defendants] need not concede liability for the entire amount, which is what [Plaintiff is] in essence demanding by effectively asking [Defendants] to admit that at least $5 million of the [deposits] were" wrongfully withheld. *See Lewis*, 627 F.3d at 400.

Defendants have shown that Plaintiff is "seeking recovery from a pot that...could exceed $5 million." *See id.* Moreover, the Court notes that Plaintiff seeks attorney's fees, which are properly included in the amount in controversy at 25% of the potential damage award. *See*

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#8**
**Feb. 6th hrg vacated**

### CIVIL MINUTES - GENERAL

| Case No. | CV 11-9183 PSG (PLAx) | Date | February 2, 2012 |
|---|---|---|---|
| Title | Heejin Lim, *et al.* v. Helio, LLC, *et al.* | | |

*Guglielmino*, 506 F.3d at 698; *Molnar v. 1-800-Flowers.com, Inc.*, No. CV 08-05420 CAS OJCx, 2009 WL 481618, *5 (C.D. Cal. Feb. 23, 2009) (citing *Staton v. Boeing Co.*, 327 F.3d 938, 967 (9th Cir. 2003). This amounts to an additional $1,250,000, which, when added to the $5 million figure, equals a total amount in controversy of at least $6,250,000. Because Defendants effectively would be required to concede liability were the Court to require a stronger showing, and Plaintiff has not stipulated that it seeks to recover less than $5 million, the Court is satisfied that it is more likely than not that the stakes exceed the jurisdictional threshold.

IV.     Conclusion

    Defendant has shown, by a preponderance of the evidence, that the amount in controversy exceeds $5 million as required under the Class Action Fairness Act. Plaintiff's motion to remand is denied.

    **IT IS SO ORDERED.**